1  John J. McLeod, Esq., CA Bar No. 174169
2  Paul C. Hirst, Esq., CA Bar No. 234460
   McLEOD LAW GROUP, A.P.C.
3  1155 Camino Del Mar, Suite 510
   Del Mar, California 92014
4  Telephone: (619) 236-9938
   Facsimile: (619) 236-9943
5  Email: jmcleod@mcleodlawgroup.com
   Email: pchirst@mcleodlawgroup.com

6  Attorneys for Defendants,
   ROBERTA V. BARBANELL; THE ROBERTA V. BARBANELL
7  REVOCABLE TRUST DATED FEBRUARY 26, 1993;
   R.L. BARBANELL, INC. (NKA EL RANCHO DE VIDA);
8  JEREMY BARBANELL; and PINHAS RAHAV

9

10                  **UNITED STATES DISTRICT COURT**

11                **SOUTHERN DISTRICT OF CALIFORNIA**

12

13 | PEERLESS INSURANCE CO., a New | Case No. 3:24-cv-00759-JES-BLM
   | Hampshire Corporation and GOLDEN |
14 | EAGLE INSURANCE CO., a New |
   | Hampshire Corporation, |
15 | | **REPLY TO PLAINTIFFS'**
   | | **OPPOSITION TO DEFENDANTS'**
16 | Plaintiffs, | **MOTION TO STAY**

17 | v. |

18 | ROBERTA V. BARBANELL, an | Hearing Date:  October 9, 2024
   | individual and as trustee of THE | Hearing Time: 11:00 a.m.
19 | ROBERTA V. BARBANELL | Courtroom 4B
   | REVOCABLE TRUST DATED 2/26/93; |
20 | R.L. BARBANELL, INC. (n/k/a EL |
   | RANCHO DE VIDA), a California |
21 | corporation; EL RANCHO DE VIDA, |
   | ONE LLC, a.k.a. EL RANCHO DE |
22 | VILLA, ONE LLC., a California limited |
   | liability company; EL RANCHO DE |
23 | VIDA, THREE, LLC a.k.a. EL RANCHO |
   | DE VILLA, THREE LLC, a California |
24 | limited liability company; EL RANCHO |
   | DE VIDA, FOUR LLC a.k.a. EL |
25 | RANCHO DE VILLA, FOUR LLC, a |
   | California limited liability company; |
26 | JEREMY BARBANELL, an individual; |
   | PINHAS RAHAV, an individual; |
27 | BENJAMIN HOLTZ, an individual and as |
   | trustee of THE LEGACY MOUNTAIN |
28 | LIVING TRUST; RAYMOND E. |
   | LODGE, an individual; and CONDOR'S |

24-cv-00759-JES-BLM

REPLY ISO MOTION TO STAY

1    NEST, LLC, a limited liability company,

2              Defendants.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY ISO MOTION TO STAY

Defendants respectfully submit the following reply to Plaintiffs' opposition to their motion to stay. The capitalized terms herein are as defined in the motion (Document 36-1).

As a preliminary matter, Plaintiffs' opposition includes several fundamentally flawed arguments. One is Plaintiffs' claim that they would be damaged if the case is stayed, because they would have to continue defending the Underlying Actions with no guarantee of reimbursement. The Ninth Circuit has rejected this argument, noting that a non-moving party being required to defend a suit does not constitute damage or prejudice within the meaning of *Landis* (*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)) and that a delay in recovery of damages is not the kind of prejudice that should cause a court to deny a requested stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962). Another is Plaintiffs' claim that simultaneously defending this Coverage Action and <u>three</u> Underlying Actions somehow does not cause hardships and prejudice to Defendants. This argument does not pass muster, given the clearly overlapping factual issues and the obvious burden on Defendants' time and financial resources having to litigate <u>four</u> lawsuits at once. Yet another is Plaintiffs' claim that by proceeding with this Coverage Action, the hardship to Defendants will be minimal because the case might end if Plaintiffs prevail on a dispositive motion on their duty to defend. Courts have rejected similar arguments that a case should not be stayed because the non-moving party thinks they will ultimately prevail. *See, e.g., MS Amlin*, 2020 WL 5966612, at *5. Plaintiffs have not (and cannot) cite any authority for the proposition that obvious hardships and prejudice to the insureds should be ignored and a coverage lawsuit allowed to proceed just because the insurers think they might prevail on a dispositive motion. This argument also ignores the uphill battle Plaintiffs undoubtedly face in trying to escape their defense obligation under California law, where the duty to defend is so broad that any potential for coverage under any conceivable theory triggers Plaintiffs' defense obligation. In short, Plaintiffs' suggestion that the case should not be stayed because they might hypothetically prevail

REPLY ISO MOTION TO STAY

on a dispositive motion on the duty to defend lacks legal and factual merit.  As follows, Plaintiffs' opposition fails and Defendants' motion should be granted.

## I.   A STAY IS WARRANTED UNDER BOTH *LANDIS* AND *MONTROSE*

Plaintiffs' opposition argues that the Court should apply *Landis v. North American Co.*, 299 U.S. 248 (1936) ("*Landis*"), which governs a federal court's inherent power to stay, rather than the substantive law of California set forth in *Montrose Chemical Corp. v. Superior Court,* 6 Cal.4th 287 (1993), which allows a court to stay an insurance coverage action pending resolution of an underlying third-party action.  This is a red herring.  As set forth in Defendants' moving papers, given the substantial overlap between both standards, the conclusion on this motion should be the same whether applying *Landis* or *Montrose* and this Coverage Action should be stayed until after the Underlying Actions are resolved.   Furthermore, Plaintiffs' suggestion that *Montrose* is not the correct standard to apply to this motion misses the mark, as district courts applying *Landis* have acknowledged that state law is informative and have incorporated the *Montrose* factors when weighing the *Landis* factors.  *Aspen Am. Ins. Co. v. Ou*, 2019 WL 1950293, at *6 (C.D. Cal. Mar. 14, 2019) ("*Aspen*"); *Zurich Am. Ins. Co. v. Omnicell, Inc.*, 2019 WL 570760, at *4 (N.D. Cal. Feb. 12, 2019) ("*Zurich*"); *see also United Specialty Ins. Co. v. Bani Auto Group, Inc.*, 2018 WL 5291992, at *4 (N.D. Cal. Oct. 23, 2018) ("*United Specialty*") (California law can help inform the court's application of the *Landis* factors); *American Alternative Ins. Corp. v. Warner*, 2020 WL 7388072, at *3 (N.D. Cal. Dec. 16, 2020) ("*American Alternative*") (acknowledging *Montrose* factors incorporated by *Landis* factors). Indeed, Plaintiffs acknowledge in their opposition that the *Landis* standard incorporates the *Montrose* standard.  Opposition (Document 40), pp. 11-13.  Accordingly, it is undisputed that even if the Court applies the *Landis* factors in deciding the instant motion, the *Montrose* factors must be incorporated in determining whether to stay this case.  In short, for all the reasons set forth in Defendants' moving papers and below, a stay of this Coverage Action is warranted under <u>both</u> standards.  So, even if the Court

applies *Landis* when determining whether to stay this case, the conclusion should be the same and this Coverage Action should be stayed.

## II.   <u>STAYING THIS ACTION WILL NOT DAMAGE PEERLESS</u>

In their opposition, Plaintiffs argue that under the first *Landis* factor, staying this action will damage Peerless for two reasons, both of which lack merit. Plaintiffs first argue that they have an undeniable right to bring this action and a right to a timely judgment regarding their duty to defend. Plaintiffs are wrong. Declaratory relief is a remedy based on equitable considerations and, thus, relief is discretionary. *Wilton v. Seven Falls Co.* (1995) 515 U.S. 277, 286-287. Insurers have no absolute right to an adjudication of their rights and duties, even if federal subject matter jurisdiction exists. *Id*. at 282. If parallel state proceedings involving the same issues and parties are pending at the time the federal declaratory relief action is filed, there is a presumption that the entire suit should be heard in state court. *Government Employees Ins. Co. v. Dizol* (9th Cir. 1998) 133 F.3d 1220, 1225. Indeed, in a federal declaratory relief action such as this Coverage Action, the trial court has unique and substantial discretion in deciding whether to declare rights of an insurer while the underlying liability suit is pending in state court. *Wilton*, *supra*, 515 U.S. at 286. The Ninth Circuit has, thus, held that it is an abuse of discretion for federal courts to entertain an insurer's declaratory relief action during the pendency of a related third-party tort action and state court – even if the factual issues in the state and federal proceedings are different. *See e.g.*, *Employers Reinsurance Corp. v. Karussos* (9th Cir. 1995) 65 F.3d 796, 800-801 [overruled on other grounds by *Government Employees Ins. Co., supra,* 133 F.3d at 1227]. Accordingly, Plaintiffs' claim that they have an undeniable right to bring this declaratory relief action is misplaced. They do not. And for all the reasons set forth in Defendants' moving papers and below, the Court should decline to entertain this Coverage Action during the pendency of <u>three</u> Underlying Actions.

/ / /

/ / /

1    Plaintiffs' argument that they have a right to a timely judgment regarding their

2  duty to defend misses the mark, too, as the Ninth Circuit has held that a delay in

3  recovery of damages is not the kind of prejudice that should cause a court to deny a

4  requested stay.  *CMAX, Inc. supra*, 300 F.2d at 269.

5    Plaintiffs also argue that a stay would damage Peerless because it would force

6  Peerless to pay for the ongoing defense of the Holtz and Lodge Actions with no

7  guaranteed reimbursement.  As discussed in Defendants' motion, though, this argument

8  is made moot by California law,[1] as the California Supreme Court has held that an

9  insurer that defends its insured immediately and entirely may seek reimbursement of its

10  defenses fees and costs from its insured.  *Buss v. Superior Court*, 16 Cal.4th 35, 50-51

11  (1997).   In this Coverage Action, Plaintiffs claim they are entitled to such

12  reimbursement and, thus, there is no prejudice to Plaintiffs if the case is stayed.

13    Indeed, as noted in Defendants' moving papers, this same argument concerning

14  ongoing defense costs to support prejudice to the non-moving party on a motion to stay

15  has been rejected by several courts (s*ee, e.g.*, *Zurich*, *supra*, 2019 WL 570760, at \*5;

16  *Aspen*, *supra*, 2019 WL 1950293, at \*6; *RLI Ins. Co. v. Ace Amer. Ins.*, 2020 WL

17  1322955, at \*4 (N.D. Cal. Mar. 20, 2020) ("*RLI*"); *National Union Fire Ins. Co. of

18  Pittsburgh, PA v. Rudolph and Sletten, Inc.*, 2020 WL 4039370, at \*8 (N.D. Cal. July

19  17, 2020) ("*National Union*"); *MS Amlin,* 2020 WL 5966612, at \*5; *United Specialty,*

20  2018 WL 5291992, \*5).  And the Ninth Circuit has rejected this argument, too, noting

21  that being required to defend a suit does not constitute damage or prejudice within the

22  meaning of *Landis*.  *Lockyer, supra*, 398 F.3d at 1112.

23    In rejecting prejudice arguments concerning ongoing defense costs like the one

24  Plaintiffs make in their opposition, courts explain that delaying a determination of

25  whether an insurer owes an insured party coverage does not substantially harm the

---

[1] In diversity cases such as this, courts apply the substantive law of the state in which they sit. *Brennan v. Lermer Corp.,* 626 F. Supp. 926, 929 (N.D. Cal. 1986). California law therefore applies to the substantive issues in this Coverage Action.

REPLY ISO MOTION TO STAY

insurer, because advancing defense costs is part of the insurer's obligation and costs of doing business. *See, e.g.*, *MS Amlin,* 2020 WL 5966612, at *5; *United Specialty,* 2018 WL 5291992, at *5; *RLI*, 2020 WL 1322955, at *4; N*ational Union*, 2020 WL 4039370, at *8. Courts also note that where, as here, the insurer's complaint seeks reimbursement of all defense fees and costs expended, the amount of money spent on the defense is protected by the reimbursement claim. *See, e.g.*, *MS Amlin,* 2020 WL 5966612, at *5; *United Specialty,* 2018 WL 5291992, at *5.

Moreover, a stay of the Coverage Action <u>will not</u> impose <u>any</u> damage or prejudice upon Plaintiffs. For all the above reasons and those set forth in Defendants' moving papers, there is no harm or prejudice to Plaintiffs if the case is stayed and, thus, the first *Landis* factor weighs in favor of granting a stay.

## III.   <u>DEFENDANTS WILL SUFFER SUBSTANTIAL HARDSHIP IF THE CASE IS NOT STAYED</u>

Plaintiffs' opposition makes the implausible claim that under the second *Landis* factor, Defendants will not suffer hardship if the case is not stayed. Nothing could be further from the truth. Defendants will sustain substantial hardships and prejudice if the Coverage Action is not stayed, as they will be forced to concurrently fend off the claims being asserted against them in <u>three</u> Underlying Actions and the Complaint of its own insurers, Plaintiffs, in this Coverage Action. As set forth in the declarations submitted in support of Defendants' motion, Defendants do not have the resources to concurrently fight the underlying plaintiffs in three liability actions and their own insurers in this Coverage Action. Defendants' defense of each claim will necessarily suffer. To which battles to devote their resources are decisions that Defendants should not be forced to make. These are the very kind of decisions that courts have repeatedly held insureds, like Defendants, do not have to make, and courts have consistently made clear that insurers, like Plaintiffs, may not put their insureds in such a precarious position. *See e.g., Montrose*, *supra*, 6 Cal.4th at p. 301; *Montrose Chemical Corp. v Superior Court*, 25 Cal.App.4th 902, 909-910 (1994) ("*Montrose II")*; *Haskel, Inc. v.*

1  *Superior Court,* 33 Cal.App.4th 963, 979 (1995) ("*Haskel*").  As follows, Plaintiffs'

2  argument that Defendants will not suffer hardship from proceeding with this Coverage

3  Action should be rejected.

4        **A.**    <u>**The Coverage Action and the Underlying Actions Involve Common**</u>

5              <u>**Issues of Fact**</u>

6        In their opposition, Plaintiffs contend that the issues in this Coverage Action do

7  not depend on facts or issues in the Underlying Actions.  Plaintiffs are wrong.  Clearly,

8  the factual issues of whether there was an occurrence or accident and, if so, what are

9  the type and scope of the damages, are issues that will have to be proved in both the

10  Coverage Action for Defendants to trigger coverage (*Waller v. Truck Ins. Exch., Inc.*,

11  11 Cal. 4th 1, 16 (1995) and in the Underlying Actions for the underlying plaintiffs to

12  obtain a judgment award against Defendants.    Given these overlapping factual issues,

13  Defendants are entitled to a stay of this Coverage Action.  There is no way that the

14  issues to be discovered and ultimately tried in the Coverage Action will not infringe

15  upon the issues to be tried in the Underlying Actions.  The *Landis* stay (and *Montrose*

16  stay) are designed to protect insureds, like Defendants, from this very kind of prejudice

17  and Defendants are, thus, entitled to a stay of this Coverage Action as a matter of law.

18        Plaintiffs' opposition tries to downplay the scope of its claims in this Coverage

19  Action and thereby minimize the hardships and prejudice facing its insureds by

20  focusing entirely on the duty to defend issue.  Plaintiffs indicate that they will be filing

21  a dispositive motion on their duty to defend in December 2024 and seem to suggest that

22  the Court can resolve this entire case by granting that motion.  There are at least three

23  fundamental problems with this argument.  One is the fact that courts have rejected

24  similar arguments made by non-moving party claiming they will ultimately prevail and,

25  thus, the case should not be stayed.  *See, e.g., MS Amlin,* 2020 WL 5966612, at *5.

26  Plaintiffs have not (and cannot) cite any authority for the proposition that a motion to

27  stay should be denied to allow time for the insurer to take a shot at a dispositive motion.

28  Even if just for a few more months, Defendants will face substantial prejudice by

concurrently defending four cases and should not be forced to concurrently litigate this Coverage Action and three Underlying Actions as a matter of law.

Another problem with Plaintiffs' argument is the fact that Plaintiffs' claims in this Coverage Action are not limited to the duty to defend. Plaintiffs' Complaint also seeks a determination as to whether they have a duty to indemnify Defendants from and against damages claimed against them in the Underlying Actions <u>and</u> reimbursement of uncovered defense fees and costs incurred in connection with the Holtz and Lodge Actions. So, contrary to Plaintiffs' suggestion, this case cannot be resolved entirely by having the Court decide the duty to defend issue. Even if Plaintiffs were to prevail within the next few months on a dispositive motion regarding their duty to defend, it would not resolve this entire case. At the very least, Plaintiffs' reimbursement claim would remain unresolved.

The other fundamental problem with Plaintiffs' argument is that it proudly assumes the Court will grant their dispositive motion on the duty to defend, and utterly ignores the uphill battle facing Plaintiffs in trying to escape their defense obligation. Under California law, liability insurers like Plaintiffs owe a broad duty to defend their insureds against third-party claims that create any potential for indemnity. *Montrose, supra,* 6 Cal.4th at 295. Insurers must defend <u>any</u> suit that <u>potentially</u> seeks damages within the coverage of the policy. *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275 (1966). The duty to defend arises whenever a lawsuit against the insured seeks damages on any theory that, if proved, would be covered by the policy. *Montrose,* 6 Cal.4th at 295. The insurer is relieved of its duty to defend <u>only if</u> the third-party complaint can <u>by no conceivable theory raise a single issue that could bring it within the policy coverage</u>. *Id.* [emphasis added]; *Gray*, 65 Cal.2d at 276. A duty to defend is triggered where, <u>under the facts alleged, reasonably inferable, or otherwise known</u>, the complaint could fairly be amended to state a covered liability. *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal.4th 277, 287 (2014) [emphasis added]. Given this broad duty to defend and the fact that each of the Underlying Actions include allegations of

negligence resulting in property damage, Plaintiffs undoubtedly face a steep challenge to prevail on a dispositive motion regarding their duty to defend under California law. And it ignores the obvious prejudice to their insureds for Plaintiffs to suggest that this case should proceed because they might hypothetically prevail on such a motion.

**B.  Simultaneously Defending the Coverage Action and the Underlying Actions Poses a Substantial Hardship and Prejudice to Defendants**

In their opposition, Plaintiffs wrongly contend that simultaneously defending three Underlying Actions and this Coverage Action does not pose a hardship to Defendants.  For all the reasons set forth in their moving papers, Defendants face substantial hardships and prejudice if this Coverage Action is allowed to proceed. Defendants are entitled to a stay so that they can devote all of their time and resources to defending the Underlying Actions (which involves complex issues and a number of separately represented parties), and so that Plaintiffs cannot force Defendants to divide their limited time and resources fighting a four-front war, as they are being concurrently sued in this Coverage Action and three Underlying Actions.  Being forced to concurrently litigate multiple cases effectively undercuts one of the primary reasons for purchasing liability insurance. *Haskel, supra,* 33 Cal.App.4th at 979, fn. 14 ["[a]n insured obtains liability insurance in substantial part in order to be protected against the trauma and financial hardship of litigation."].

In their opposition, Plaintiffs argue that defending any lawsuit takes resources and that Defendants have only made generic assertions of hardship.  This is demonstrably false.  The declarations submitted in support of Defendants' motion clearly and unequivocally establish that Defendants, whose defense in the Underlying Actions is being funded by Ms. Barbanell and Peerless, and whose defense in this Coverage Action is being funded entirely by Ms. Barbanell, do not have the resources to engage in such a battle.  If forced to litigate this Coverage Action, Defendants will be compelled to incur substantial attorney fees fighting with their insurers and the underlying plaintiffs.  Defendants do not have the resources to concurrently fight the

1    underlying plaintiffs and the Plaintiffs in this Coverage Action, and the defense of each

2    claim would necessarily suffer.  To which battles to devote their resources are decisions

3    that courts have repeatedly held insureds, like Defendants, do not have to make.

4    *Montrose*, *supra*, 6 Cal.4th at p. 301; *II, supra,* 25 Cal.App.4th at 909-910; *Haskel,*

5    *supra,* 33 Cal.App.4th at 979.  Plaintiffs' claim that Defendants have not shown a

6    "clear case of hardship" should, thus, be rejected.

7        For all the above reasons, staying the Coverage Action <u>will not</u> impose any

8    prejudice upon Plaintiffs, but substantial prejudice <u>will be</u> imposed upon Defendants if

9    the case is not stayed.  The second *Landis* factor thus weighs in favor of granting a stay.

10   ### III.  <u>STAYING THIS COVERAGE ACTION WILL PROMOTE THE</u>

11   <u>ORDERLY ADMINISTRATION OF JUSTICE</u>

12       The third *Landis* factor regarding the orderly administration of justice also

13   weighs in favor of staying this Coverage Action.  After all, for the reasons set forth in

14   Defendants' moving papers, it remains distinctly possible that Defendants will obtain a

15   defense judgment in the Underlying Actions and it would be a complete waste of the

16   parties' and the Court's resources to continue this Coverage Action, fighting over

17   coverage for a judgment award that may never materialize.  In addition, it will serve to

18   simplify the issues in the Coverage Action by allowing the Underlying Actions to

19   decide, for example, whether there was an occurrence and whether the underlying

20   plaintiffs sustained property damage.

21       Nevertheless, Plaintiffs' opposition contends that proceeding with this Coverage

22   Action would serve the orderly course of justice.  In support of this contention,

23   Plaintiffs recycle a couple of arguments from earlier in their opposition.  Plaintiffs first

24   recycle their argument focused on the duty to defend and suggest that "a stay would

25   serve no legitimate purpose when the court can determine the duty to defend as a matter

26   of law."  For all the reasons discussed above, this argument should be rejected, as it

27   ignores the obvious prejudice to the insured, ignores the fact that a dispositive ruling on

28   Plaintiffs' duty to defend will not resolve this entire Coverage Action, ignores the uphill

1 battle facing Plaintiffs in trying to escape their defense obligation, and is based on
2 nothing more than conjecture that the Court might ultimately grant Plaintiffs'
3 dispositive motion on the duty to defend. On this basis alone, Plaintiffs' argument that
4 allowing the Coverage Action to proceed promotes the orderly course of justice fails.

5          Plaintiffs next recycle their argument that staying this Coverage Action will
6 require Peerless to continue  defending  the Underlying Actions for several years. As
7 discussed above, the Ninth Circuit has rejected this argument, as being required to
8 defend a suit does not constitute damage or prejudice within the meaning of *Landis*.
9 *Lockyer, supra,*  298 F.3d at 1112. Indeed, delaying a determination of whether an
10 insurer owes an insured party coverage does not substantially harm the insurer, because
11 advancing defense costs is part of the insurer's obligation and costs of doing business.
12 *See, e.g.*, *MS Amlin,* 2020 WL 5966612, at *5; *United Specialty,* 2018 WL 5291992, at
13 *5; *RLI*, 2020 WL 1322955, at *4; N*ational Union*, 2020 WL 4039370, at *8.

14          In sum, contrary to Plaintiffs' opposition, staying this Coverage Action would
15 promote the orderly administration of justice. Allowing this case to proceed would not.
16 Defendants' motion should therefore be granted.

17 **IV.   CONCLUSION**

18          For all the foregoing reasons, and for those set forth in their moving papers,
19 Defendants respectfully request that the Court grant an order staying this Coverage
20 Action until after all three Underlying Actions have been resolved.

21 DATED: October 2, 2024               McLEOD LAW GROUP, A.P.C.

22

23                                      By: __/s/ Paul C. Hirst_____
                                            John J. McLeod
24                                          Paul C. Hirst
                                        Attorneys for Defendants, ROBERTA V.
25                                      BARBANELL; R.L. BARBANELL, INC. (NKA
                                        EL RANCHO DE VIDA); JEREMY
26                                      BARBANELL; and PINHAS RAHAV

27                                      Email: jmcleod@mcleodlawgroup.com
                                        Email: pchirst@mcleodlawgroup.com

28