UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEERLESS INSURANCE CO. AND GOLDEN EAGLE INSURANCE CO.,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERTA V. BARBANELL, et al.,<br><br>Defendants. | Case No.: 24-cv-0759 JES (BLM)<br><br>**ORDER CLARIFYING DECEMBER 13, 2024 MOTION DEADLINE**<br><br>**[ECF Nos. 39, 49]** |

## **BACKGROUND**

On September 17, 2024, the Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings. ECF No. 39. In the order, the Court stated that "[t]he deadline to file a Motion for Summary Judgment regarding the duty to defend is **December 13, 2024**." Id. at 1-2.

On November 26, 2024, Plaintiffs filed an *Ex Parte* Application for Clarification of Magistrate Judge Major's Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings (ECF 39). ECF No. 49; see also ECF No. 49-1, Declaration of Mary E. Gregory in Support of Plaintiffs' *Ex Parte* Application for Clarification of Magistrate Judge Major's Scheduling Order Regulating Discovery And Other Pre-Trial Proceedings ("Gregory Decl."). In this

Application, Plaintiffs claim that during the Case Management Conference, they stated that they intended to file "an early dispositive Motion on *all* causes of action in its Complaint (duty to defend, duty to indemnify and reimbursement)." ECF No. 49 at 2; Gregory Decl. at ¶6. Plaintiffs further assert that the Court agreed with Plaintiffs' legal arguments because it did not dispute "Plaintiffs' reiteration of the law [during] the CMC" and set the requested date because "if successful, the Motion would resolve all issues raised in Plaintiffs' Complaint." ECF No. 49 at 3. Finally, Plaintiffs argue that "Judge Simmons' interpretation of the Scheduling Order [limiting the December motion to the duty to defend] is contrary to the intent of the Scheduling Order, based on the Parties' discussion with Judge Major at the CMC." Id. at 4.

On November 27, 2024, Defendants filed an Opposition to Plaintiffs' *Ex Parte* Application for Clarification of Magistrate Judge Major's Scheduling Order Regulating Discovery And Other Pre-Trial Proceedings. ECF No. 50; see also ECF No. 50-1, Declaration of Paul C. Hirst in Support of Opposition to Plaintiffs' *Ex Parte* Application for Clarification of Magistrate Judge Major's Scheduling Order Regulating Discovery And Other Pre-Trial Proceedings ("Hirst Decl."). Defendants argue that Plaintiffs' Application is untimely and improperly filed as an *ex parte* application, rather than as a noticed motion. ECF No. 50 at 2-4. Defendants also dispute Plaintiffs' assertions regarding the discussions during the CMC and the intention and decisions of Judges Major and Simmons. Id. at 2-7.

## DISCUSSION

In their *Ex Parte* Application, Plaintiffs do not seek clarification of any term; rather, they seek permission to expand the number of topics that may be addressed in the motion for summary judgment to be filed by December 13, 2024. ECF No. 49. Plaintiffs' request is **DENIED** because it is untimely and does not accurately reflect the Court's intention.

The Court issued the relevant Scheduling Order on September 17, 2024. ECF No. 39. The Order clearly limits the scope of the December motion for summary judgment to "the duty to defend." Id. at 1-2. Despite this clear language and Plaintiffs' alleged belief that the motion would encompass "all three issues raised in their Complaint: the duty to defend; the duty to indemnify; and reimbursement", Plaintiffs did not file a motion for reconsideration with Judge

Major nor appeal the limitation to Judge Simmons. See Docket. In addition, when presented with the opportunity to address the alleged inaccuracy during the October 9, 2024 hearing before Judge Simmons, Plaintiffs failed to do so. Hirst Decl. at ¶ 5. As noted by Defendants, Judge Simmons discussed the December motion with Plaintiffs, including whether the motion should include the duty to indemnify. Oppo at 3-6 (citing Gregory Decl. at Exhibit A, October 9, 2024 Transcript at 13:18-14:2, 18:17-24, 20:17-24:4, 23:14-24:22; 26:15-27:4); see also Hirst Decl. at ¶ 5. Plaintiffs did not suggest to Judge Simmons that the Scheduling Order's limitation did not accurately reflect the parties' understanding or Judge Major's intention. Id. Notably, Plaintiffs did not file a motion for reconsideration before Judge Simmons after this hearing in which he concluded that the December motion was limited to the duty to defend. See Docket. Instead, Plaintiffs waited seven weeks and then filed an *ex parte* application with this Court seeking clarification of an order issued ten weeks earlier and did so two days before Thanksgiving. ECF No. 49. The Court finds Plaintiffs' motion is untimely and improperly filed as an *ex parte* application.[1]

The Court also disagrees with Plaintiffs' assertions regarding what the Court agreed to or intended. Judge Major's intention regarding the relevant motion deadline is set forth in the written order: the motion is limited to "the duty to defend." ECF No. 39 at 1-2. Plaintiffs assert that Judge Major agreed with their arguments because she did not argue with them about the law and that she intended to allow them to file a motion on all three issues. ECF No. 49 at 3 ("Neither Judge Major, nor Defendants, disputed Plaintiffs' reiteration of the law at the CMC." & "Plaintiffs understood that Judge Major agreed that they could bring a Motion on all three issues raised in their Complaint: the duty to defend; the duty to indemnify; and reimbursement"); see also Gregory Decl. at ¶ 7 ("I understood this to mean that Plaintiffs could bring a Motion for Summary Judgment on all causes of action, and that that was the purpose of an early Motion.").

---

[1] The Court is dismayed by Plaintiffs' counsel's decision to file an *ex parte* application two days before Thanksgiving, seven weeks after the hearing with Judge Simmons, five weeks after Plaintiffs' counsel first raised the issue with defense counsel, and ten weeks after the Court's issuance of the Scheduling Order and finds it lacks civility and smacks of gamesmanship.

Plaintiffs' assertions are mere speculation. The Court is not required to argue with Plaintiffs about the relevant law and its applicability to the case during a Case Management Conference. If Plaintiffs truly believed that the Scheduling Order misstated the Court's intention or was otherwise improper, Plaintiffs should have filed a timely motion. They did not do so. The Court also takes issue with Plaintiffs' assertions regarding Judge Simmons' "speculations." ECF No. 49 at 4. If Plaintiffs believed Judge Simmons was incorrect in his statements, beliefs, or decisions, they had ample opportunity to address them during the hearing or afterwards and they failed to do so.

For the reasons set forth above, the Court finds that Plaintiffs' request to modify the scope of the upcoming motion is untimely, improperly filed as an *ex parte* application[2], and without substantive merit. Accordingly, the Court **DENIES** Plaintiffs' motion to expand the scope of the issues that may be raised in the upcoming motion but clarifies its Scheduling Order to provide that the "deadline to file a Partial Motion for Summary Judgment regarding the duty to defend is **December 13, 2024**."

**IT IS SO ORDERED**.

Dated: 12/3/2024

Hon. Barbara L. Major
United States Magistrate Judge

---

[2] As Judge Major's Chambers Rules state in part "[a]ppropriate *ex parte* applications . . . must explain why proceeding *ex parte* is necessary." Available at Chambers Rules. Plaintiffs did not and cannot justify an *ex parte* application in this situation.