|   |   |
|---|---|
| PEERLESS INSURANCE CO.; GOLDEN EAGLE INSURANCE CO.,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERTA V. BARBANELL, et al.,<br><br>Defendants. | Case No.: 24-cv-0759 JES (BLM)<br><br>**ORDER STAYING DISCOVERY AND SETTING THE DEADLINE FOR FILING SUMMARY JUDGMENT MOTION** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

On September 17, 2024, the Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings ("Scheduling Order"). ECF No. 39. On December 11, 2024, Plaintiffs filed a Motion for Partial Summary Judgment, seeking a declaration that they do not have a duty to defend Defendants. ECF Nos. 53, 53-1. On April 16, 2025, the parties filed a Joint Motion to Continue Dates and Deadlines in the Scheduling Order. ECF No. 64.

On April 18, 2025, the Court issued an Order Denying the Joint Motion to Continue Dates and Deadlines in the Scheduling Order and Vacating Case Deadlines ("Stay Order"). ECF No. 65. In the Stay Order, the Court vacated "the current case deadlines," and ordered the parties "to contact the Court within three (3) days of Judge Simmons issuing a ruling on the pending Motion for Partial Summary Judgment [ECF No. 53] so that the remaining case deadlines can be

reset." Id. at 2. On August 26, 2025, Judge Simmons issued an Order Granting the Motion for Partial Summary Judgment, finding that Plaintiffs have no duty to defend Defendants. ECF No. 66. On August 27, 2025, Plaintiffs' counsel notified the Court of Judge Simmons' ruling.

On August 28, 2025, the Court issued an Order Regarding New Scheduling Order, stating that "the Court intends to reopen discovery and issue a new scheduling order continuing all remaining dates and deadlines by approximately 4½ months." ECF No. 67, at 2. In the order, the Court directed any party objecting to the Court's proposed timeline to file their objections and new proposed dates and deadlines. Id.

On September 3, 2025, Plaintiffs responded to the Court's Order Regarding New Scheduling Order, objecting to the Court's proposed scheduling timeline. ECF No. 68. Plaintiffs assert that, based on Judge Simmons' ruling that they do not have a duty to defend Defendants, Plaintiffs also do not have a duty to indemnify Defendants and can "recoup defense fees that they already paid but which, in hindsight, they never owed." Id. at 4–5. As a result, Plaintiffs intend to file a Motion for Summary Judgment on their remaining claims: 1) duty to indemnify and 2) their right to reimbursement of defense costs. Id. at 6. Plaintiffs argue that their proposed Motion for Summary Judgment will resolve the remainder of this case given Judge Simmons' ruling on the duty to defend and the settled case law. Id. Plaintiffs state that they do not need to conduct any discovery to bring their Motion for Summary Judgment as discovery is unnecessary in light of the applicable case law. Id. at 2, 6. Plaintiffs request that the Court continue the stay on discovery and other dates and deadlines in the case and set a deadline of October 17, 2025 for Plaintiffs to file their Motion for Summary Judgment. Id. Notably, Defendants did not oppose Plaintiffs' request, did not request an opportunity to conduct discovery, and did not propose alternative dates or procedures. See Docket.

After reviewing Plaintiffs' response and consulting with Judge Simmons' chambers, the Court **GRANTS** Plaintiffs' request. Plaintiffs are ordered to file their Motion for Summary Judgment on or before **October 17, 2025**. The Court continues the stay issued in the April 18, 2025 Stay Order [ECF No. 65], pending the Court's ruling on Plaintiffs' proposed Motion for Summary Judgment. The parties are **ORDERED** to contact the Court within three (3) days of

1  Judge Simmons issuing a ruling on the proposed Motion for Summary Judgment.
2  **IT IS SO ORDERED**.
3
4  Dated: 9/11/2025
5
Hon. Barbara L. Major
United States Magistrate Judge